UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| F. CHARLENE HENDERSON, Derivatively on behalf of nominal defendant FURNITURE BRANDS INTERNATIONAL, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN R. JORDAN, JR., et al., <br><br> Defendants. | Case No. 4:09CV937 RWS |

# MEMORANDUM AND ORDER

Plaintiff filed this shareholder derivative action on behalf of Furniture Brands in the Circuit Court for the City of St. Louis, Missouri on May 18, 2009. The state-court petition asserts claims for breach of fiduciary duty (Counts I and II), unjust enrichment (Count III), and waste (Count IV) against current and former executive officers and directors of Furniture Brands for allegedly paying themselves excessive bonuses not justified by the company's performance. Defendants removed the action to this Court on June 15, 2009, asserting federal subject matter jurisdiction exists under 28 U.S.C. § 1331. It does not, so plaintiff's motion for remand will be granted for the reasons that follow.

The party invoking jurisdiction bears the burden of proof that all

prerequisites to jurisdiction are satisfied. Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002). Removal based on federal question jurisdiction is governed by the well-pleaded complaint rule. Pet Quarters, Inc. v. Depository Trust and Clearing Corp., 559 F.3d 772, 779 (8th Cir. 2009). That rule provides that federal jurisdiction exists when a federal question is presented on the face of a plaintiff's properly pleaded complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). In determining whether a claim arises under federal law, courts must be "mindful that the nature of federal removal jurisdiction -- restricting as it does the power of the states to resolve controversies in their own courts -- requires strict construction of the legislation permitting removal." Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002) (internal citation omitted). Removal statutes are therefore strictly construed, In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and any doubts about the propriety of removal are resolved in favor of state court jurisdiction. Central Iowa Power Coop. v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). "Because this well-pleaded complaint rule makes the plaintiff the master of the claim, the plaintiff may avoid federal jurisdiction by exclusive reliance on state law." Id. (internal citation and quotation marks omitted). Defendants are "not permitted to inject a federal question into an otherwise state-

law claim and thereby transform the action into one arising under federal law." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000).

A claim arises under federal law if federal law creates the cause of action in the complaint or if the vindication of a right under state law necessarily turns on some construction of federal law. Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 808 (1986). The appropriate test for federal question jurisdiction is "the degree to which federal law must be in the forefront of the case and not collateral, peripheral or remote." Id. at 813 *n*.11. The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Id. at 813; see also Gully v. First Nat'l Bank, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."). "To determine whether a case fits within this special and small category, the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Central Iowa Power Coop., 561 F.3d at 912.

Here, defendants argue that plaintiff's claim arises under federal law because the petition alleges that defendants made false and misleading statements

in SEC filings and that plaintiff "fails to identify any duty of care other than those imposed by the federal securities laws by which to evaluate the allegedly misleading information contained in Furniture Brands' SEC filings." Defendants are wrong. The petition alleges state law claims for breaches of the duties of care, good faith, and loyalty because defendants allegedly paid themselves excessive compensation.[1] Resolution of these claims does not depend on federal securities laws (or any other federal law), and the allegation that defendants made misleading statements about the company's performance in SEC filings in the course of breaching their state law duties does not mean that the claims arise under federal law. Plaintiff's petition does not allege a violation of either Section 10(b) or Section 14(a) of the Securities Exchange Act of 1934. Certainly defendants cannot be heard to argue that Delaware company executives owe no fiduciary duties to their shareholders except those imposed by federal law. See Malone v. Brincat, 722 A.2d 5, 10 (Del. 1998) ("The directors of Delaware corporations stand in a fiduciary relationship not only to the stockholders but also to the corporations upon whose boards they serve. The director's fiduciary duty to both the corporation and its shareholders has been characterized by this Court as a triad:

---

[1]In her motion for remand, plaintiff alleges that Delaware law applies because Furniture Brands is a Delaware corporation.

due care, good faith, and loyalty.").

Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction. See, e .g., Julien v. Meyers, 2009 WL 1382953, *4 (E.D. Mo. May 14, 2009) ("Plaintiff's limited reference to the federal constitution in the Petition similarly does not confer federal question jurisdiction in this case."); Casey v. Midwest Title Service, Inc., 2006 WL 2862457, at *2 (N.D. Okla. Oct. 4, 2006) ("Vague references to federal law in the complaint and notice of removal will not suffice to create federal question jurisdiction"); Patterson v. Campbell, 2006 WL 354974, at *3 (M.D. Tenn. Feb. 14, 2006) ("ambiguity defeats removal"); Maguire v. Telcom Global Solutions, Inc., 2003 WL 124475, at *3 (N.D. Tex. Jan. 10, 2003) ("vague reference to federal law is simply insufficient to satisfy [Defendant's] burden of establishing that this case involves a federal question"); Matthews v. Stewart, 207 F. Supp. 2d 496, 499 (M.D. La. 2001) ("In this court of limited jurisdiction, a passing reference to federal laws is insufficient to confer jurisdiction[.]"); Rabinowitz v. Benson, 1992 WL 309808, at *1 (S.D.N.Y. Oct. 9, 1992) (removal improper where "complaint made only a vague reference to federal law, without specifically alleging a cause of action" under federal law). Plaintiff is the master of her complaint, and in this

case she has chosen to pursue purely state law claims against defendants. Whether defendants' conduct may also violate federal law does not mean that plaintiff's claims arise under federal law. Because plaintiff asserts state law claims independent of any federal securities laws, the petition does not include claims created by federal law, and the interpretation of federal law is not a necessary and substantial element in resolving plaintiff's state law claims, plaintiff's claims do not arise under federal law. As such, the Court does not have federal question jurisdiction over this action. This case must be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for remand [#12] is granted, and this case is **REMANDED** to the Circuit Court of the City of St. Louis, State of Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 17th day of July, 2009.